UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:19-cv-650-GMB ) |
| WALMART INC., | ) ) |
| Defendant. | ) |

## **ORDER**

Before the court is Defendant Walmart Inc.'s Motion to Dismiss the Class Action Third Amended Complaint. Doc. 108. Walmart moves for dismissal under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Rule 12(b)(6) for failure to state a claim. Doc. 108. Plaintiff Tammy DeVane filed a brief in opposition to the motion (Doc. 114) and Walmart filed a reply in support. Doc. 117. For the following reasons, the court will grant the motion pursuant to Rule 12(b)(3), but only to the extent that the case will be transferred to the United States District Court for the Middle District of Alabama.

### **I. RELEVANT BACKGROUND**

On April 30, 2019, Kaylan Morris filed a class action complaint asserting a federal claim under the Magnuson-Moss Warranty Act and state-law claims of unjust enrichment, breach of express warranty, breach of implied warranty, and a

violation of the Alabama Deceptive Trade Practices Act. Doc. 1.  Morris alleged that Walmart falsely labeled and advertised, and otherwise used deceptive trade practices in marketing, its Parent's Choice Pediatric Shakes. Doc. 1.  After the court partially granted two contested motions to dismiss (*see* Docs. 11, 29, 35 & 38), Morris filed her second amended complaint stating the same five claims. Doc. 42 at 2 & 22–35.  Walmart answered the second amended complaint (Doc. 43) and Morris later filed a motion for class certification. Doc. 49.  After an evidentiary hearing (Doc. 76), the court denied the motion because Morris neglected to provide pre-suit notice such that her claims and defenses were not typical of the class she sought to represent.  Doc. 88.

Morris then requested leave to file an amended complaint removing herself as the plaintiff and substituting DeVane. Doc. 96.  After a hearing, the court granted the motion over Walmart's opposition. Docs. 100–03.[1]  DeVane then filed the third amended class action complaint. Doc. 105.  It is this complaint that Walmart now seeks to dismiss for improper venue and for failure to state a claim.  Because the court finds that venue is improper, it does not address the parties' arguments relating to Rule 12(b)(6).[2]

---

[1] After the denial of class certification, Walmart filed a motion for summary judgment. Doc. 90.  By agreement, the court mooted this motion with the filing of the third amended complaint. Doc. 110.

[2] The court rejected similar arguments, however, in resolving the previous motions to dismiss. *See* Docs. 29 & 38.

## II. ANALYSIS

The federal venue statute is 28 U.S.C. § 1391. Subsection (b) of § 1391 provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A defendant may challenge venue by filing a motion under Federal Rule of Civil Procedure 12(b)(3). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co. v. W.D. Tex.*, 571 U.S. 49, 56 (2013).

The third amended complaint alleges that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant does business throughout this District, including promoting, selling, marketing and distributing the Shakes at issue." Doc. 105 at 3. On its face, this allegation invokes § 1391(b)(2), the transactional venue provision.

### A.  Transactional Venue

When asking whether the alleged events or omissions within a district form a substantial part of a plaintiff's claims, the court must "focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003) (citation omitted). Only the defendant's activities "that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* at 1371.

"While certain kinds of events may be necessary to give rise to the claim, only those actions which were, in and of themselves, wrongful or had a close nexus to the wrong could form the basis of proper venue." *Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (alterations and quotations omitted) (quoting *Forbes v. Lenox Fin. Mortg., LLC*, 2008 WL 2959727, at *3 (S.D. Fla. July 30, 2008)). For example, in *Jenkins Brick*, 321 F.3d at 1368 & 1372–73, the plaintiff company sued its former employee over a breach-of-non-compete-agreement and argued for venue in Alabama because the company conducted business primarily in Alabama, the defendant's salary and benefits came from Alabama, and the defendant sent his executed employment agreement to the company in Alabama. But the Eleventh Circuit held that the conduct giving rise to the breach-of-non-compete claim occurred in Georgia because the Alabama-related

facts "[did] not have a close nexus with the cause of action for breach of contract, and they [were] therefore irrelevant" for venue purposes. *Id.* at 1373. The court thus found that the Alabama-based activities may have related to the claims, but they did not amount to a substantial part of the conduct giving rise to the cause of action.

DeVane's complaint does not establish transactional venue for the same reason. She alleges that "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant does business throughout this District, including promoting, selling, marketing and distributing the Shakes at issue." Doc. 105 at 3. This allegation does not carry the day under § 1391(b)(2) because "only the events that directly give rise to the claim are relevant. . . . In a breach of contract action, therefore, the most important factor for venue analysis is logically the locus of the breach." *Brownsberger v. Gexa Energy, LP*, 2011 WL 197464, at *5 (S.D. Fla. Jan. 20, 2011); *see Forbes*, 2008 WL 2959727, at *3 ("[O]nly those acts which [a]re, in and of themselves, 'wrongful' or ha[ve] a 'close nexus' to the wrong could form the basis of proper venue.") (quoting *Jenkins Brick*, 321 F.3d at 1372).

All of DeVane's claims stem from the contract formed when she bought Parent's Choice Pediatric Shakes from a Walmart store. And she has not claimed that she purchased any of these shakes in the Northern District of Alabama. In fact, the third amended complaint is silent on the question of where she purchased the

5

shakes, and her response to the motion to dismiss does not address this omission even though the earlier complaints claimed that Kaylan Morris purchased her shakes in this district. *See* Doc. 42 at 3 & 71. Instead, DeVane implicitly concedes that she bought the shakes in the Middle District of Alabama. Doc. 114 at 6 ("[I]f the court finds venue improper in the Northern District of Alabama, this case should be transferred to the Middle District of Alabama as Defendant concedes venue is proper there."); *see also* Doc. 96-2 (claiming in DeVane's notice letter that she "began purchasing [the shakes] from the Eufaula Walmart," which sits in Barbour County within the territorial jurisdiction of the Middle District).

Despite this concession, DeVane argues that the court should look to the original complaint in making its venue determination. Doc. 114 at 4–5. She contends that venue was proper when Morris filed her claims, so venue remains proper regardless of where the events giving rise to her own claims occurred. In support, DeVane relies on 28 U.S.C. § 1391(d) and cases interpreting that portion of the venue statute. Doc. 114 at 5. Her argument is misplaced for at least two reasons. First, subsection (d) addresses the residency of a corporation in states with multiple districts, but corporate residency has no bearing on transactional venue under § 1391(b)(2). Second, the plain language of § 1391(d) does not support DeVane's argument for the reasons explained below.

6

## B. Residential Venue

Walmart's residency may not matter to transactional venue under § 1391(b)(2), but it is central to § 1391(b)(1), which allows a civil action to be filed in the district "in which any defendant resides." The third amended complaint does not explicitly allege residency venue under § 1391(b)(1) even though, as discussed above, it claims that "Defendant does business throughout this District, including promoting, selling, marketing and distributing the Shakes at issue." Doc. 105 at 3. The question then is whether this allegation adequately demonstrates that Walmart "resides" in the Northern District of Alabama within the meaning of § 1391(b)(1).

In a multi-district state like Alabama, 28 U.S.C. § 1391(d) defines residency for corporations:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . .

Accordingly, for this section to apply, the threshold inquiry is whether (1) the state has more than one judicial district and (2) the corporate defendant was subject to personal jurisdiction at the time the action commenced. Here, both are true. Alabama has three districts (*see* 28 U.S.C. § 81), and Walmart conceded that the court had personal jurisdiction over it as to Morris' claims. Doc. 43 at 3.

The court cannot endorse DeVane's position that the second clause in

7

§ 1391(d) "defines the time period for determining residency of a Defendant in Alabama" and thus Walmart's residency "should be determined as of April 30, 2019 and at that time, Defendant's residency included the Northern District of Alabama." Doc. 114 at 5.  Instead, the second clause of § 1391(d) is a dependent clause setting out the requirements for this venue rule to apply.  Only a tortured reading of § 1391(d) would support the argument that a corporate defendant's residency is set in stone as of the date of the initial complaint regardless of later amendments, and DeVane has not offered any authority for this position.

Because both requirements have been met here, the court next considers whether the Northern District has personal jurisdiction over Walmart with respect to DeVane's claims.  If so, Walmart will "be deemed to reside" in the district under 28 U.S.C. § 1391(d).  "A federal court sitting in diversity may exercise personal jurisdiction [over a nonresident defendant] to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier ex rel Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355–56 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So. 2d 614, 617 (Ala. 1993)); *see also* Ala. R. Civ. P. 4.2(b).

The Due Process Clause allows for two types of personal jurisdiction—general and specific. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 923–24 (2011). For either general or specific jurisdiction to comport with due process, the defendant must have certain minimum contacts with the state, and the "minimum contacts inquiry focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Waite v. All Acq. Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "This inquiry ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state." *Id.* Walmart contends that the third amended complaint does not establish that the Northern District has general or specific jurisdiction over it. Doc. 117 at 3. The court agrees.

General jurisdiction "refers to the power of a court in the forum to adjudicate any cause of action involving a particular defendant, irrespective of where the cause of action arose." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 (11th Cir. 2009). Because general jurisdiction turns on activity unrelated to a particular cause of action, the "due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). Under this more exacting standard, the defendant's "affiliations with the State [must be] so 'continuous and

systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citation omitted). A corporation's place of incorporation and its principal place of business are "the paradigm forum[s] for the exercise of general jurisdiction." *Id*. at 137. Only in the "exceptional case" will a "corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19.

Devane's complaint does not present the exceptional case in which Walmart is subject to general jurisdiction in the Northern District of Alabama. The allegation that Walmart "does business throughout this District, including promoting, selling, marketing and distributing the Shakes at issue" (Doc. 105 at 3) does not show that Walmart is at home in the Northern District. A "corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler AG*, 571 U.S. at 132 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). Simply put, the third amended complaint does not allege enough facts to expose Walmart to suit in the Northern District without some connection to the wrongful activity alleged in the complaint.

Specific personal jurisdiction, on the other hand, exists only when an action "aris[es] out of or relat[es] to the defendant's contact with the forum." *Bristol-Myers*

*Squibb Co. v. Sup. Ct. of Calif., San Francisco County*, 137 S. Ct. 1773, 1780 (2017); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919 (internal quotation marks and brackets omitted)). To determine whether the exercise of specific jurisdiction comports with due process, the court must apply a three-part test asking whether (1) "the plaintiff [has] established that [her] claims 'arise out of or relate to' at least one of the defendant's contacts with the forum;" (2) "the plaintiff [has] demonstrated that the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state;" and (3) "the defendant has 'made a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Waite*, 901 F.3d at 1313 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)) (alteration in original omitted).

DeVane falls at the first hurdle because the third amended complaint does not allege that she purchased the shakes in the Northern District of Alabama (since, of course, she purchased them in the Middle District if her counsel's notice letter is to be believed). Without this allegation, the face of the complaint shows no "affiliation between the forum and the underlying controversy," *Goodyear*, 564 U.S. at 919, and

11

DeVane has not "established that [her] claims arise out of or relate to at least one of the defendant's contacts with the forum." *Waite*, 901 F.3d at 1313 (internal quotation marks omitted). Therefore, the Northern District does not have specific jurisdiction over Walmart for the claims in the third amended complaint regardless of Walmart's purposeful availment of the forum or any equitable considerations.

Without general or specific jurisdiction for the allegations in the third amended complaint, Walmart cannot be deemed to reside in the Northern District of Alabama and venue in this district is not proper under any provision of 28 U.S.C. § 1391(b).

### C.     Transfer to the Proper Venue

The court must decide the disposition of the case since the third amended complaint does not establish venue in the Northern District. Under 20 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it would have been brought." Although Walmart seeks the dismissal of this action for improper venue, it does not articulate why the interests of justice necessitate dismissal instead of a transfer to the proper venue. Considering the posture of the case and the resources that the parties and the court have devoted to it, justice requires a transfer to the Middle District of Alabama, where venue is proper.

## III.  CONCLUSION

For these reasons, it is ORDERED that the Motion (Doc. 108) is GRANTED to the extent that the court transfers the case and DENIED in all other respects.

The Clerk of Court is DIRECTED to transfer this action to the United States District Court for the Middle District of Alabama.

DONE and ORDERED on December 21, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE